UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOSES C. ORTIZ, | Civil Action No. 16-2071 (JLL) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| THE ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

IT APPEARING THAT:

1. On April 14, 2016, Petitioner, Moses C. Ortiz, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he seeks to challenge his continued involuntary commitment as a sexually violent predator. (ECF No. 1).

2. Following the denial of Petitioner's application to proceed *in forma pauperis* with prejudice (ECF No. 4), Petitioner paid the appropriate filing fee on May 18, 2016. (ECF Docket Sheet).

3. On May 26, 2016, Petitioner also filed a letter requesting that his habeas petition be reopened in accordance with this Court's May 5 Order. (ECF No. 5).

4. On June 2, 2016, this Court entered an Order reopening Petitioner's habeas matter. (ECF No. 5). In that order, however, this Court also observed that it appeared from the face of Petitioner's habeas petition that Petitioner had failed to exhaust his claims in the state courts. (*Id.* at 2-3). This Court therefore ordered Petitioner to show cause why his petition should not be dismissed for lack of exhaustion within thirty days. (*Id.*).

5. Although more than sixty days have passed since the entrance of that Order, Petitioner has failed to respond to the Order and has thus failed to show cause why his petition should not be dismissed.

6. As this Court previously explained Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

7. Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement when he has presented his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c).

8. In his habeas petition, Petitioner states that, following the order of the trial court continuing his commitment, he filed an appeal with the Superior Court of New Jersey – Appellate Division. (ECF No. 1 at 4). In his petition, however, Petitioner further states that he did not seek review by a higher state court, in this case the New Jersey Supreme Court. (*Id.*). The only reason Petitioner provides in his petition for his failure to petition the New Jersey Supreme Court for certification is that the "Office of the Public Defender refused to submit a petition for certification"

2

on his behalf, and "it is not a matter of right to seek certification before same." (*Id.* at 7). That the New Jersey Supreme Court likely would not have granted certification, however, does not excuse Petitioner's failure to exhaust his claims by filing a petition requesting certification as that procedure remains available to Petitioner. *Tinsley*, 2011 WL 5869605 at *3. Likewise, Petitioner has failed to present facts showing that the Public Defender's refusal to file on Petitioner's behalf in any way prevented Petitioner himself from filing a *pro se* petition for certification. As such, based on the information contained in the petition and Petitioner's failure to in any way respond to this Court's Order directing him to show cause why his petition should not be dismissed as unexhausted, it is clear that Plaintiff has failed to exhaust his claims, and that this Court must dismiss Petitioner's petition without prejudice on that basis. *See, e.g., Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014).

9. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's habeas claims are

3

unexhausted based on the record before this Court and Petitioner's failure to respond to the Court's Order to Show Cause (ECF No. 5), Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner must be denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

10. In conclusion, Petitioner's petition for a writ of habeas corpus shall be DISMISSED WITHOUT PREJUDICE for lack of exhaustion, and Petitioner shall be DENIED a certificate of appealability. An appropriate order follows.

IT IS SO ORDERED.

DATED:    August __10__, 2016

                                      Hon. Jose L. Linares,
                                      United States District Judge